**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SCOTT BERNSTEIN, GINA GREEDER, AND JAMES LONERGAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COINBASE GLOBAL, INC. AND COINBASE, INC.,<br><br>    Defendants. | Civil Case No. 1:25-cv-05313<br><br>Hon. Sharon Johnson Coleman,<br> Judge<br><br>Hon. Young B. Kim,<br> Magistrate Judge |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants Coinbase Global, Inc. and Coinbase, Inc. (collectively "Coinbase" or "Defendants"), by and through their undersigned counsel, move the Court to stay all proceedings in this matter pending a decision by the Seventh Circuit in *Cisneros v. Nuance Communications, Inc.*, No. 24-2982 (7th Cir. filed Nov. 1, 2024) ("*Cisneros*"). In support of this motion, Coinbase states as follows:

1. On May 13, 2025, Plaintiffs Scott Bernstein, Gina Greeder, and James Lonergan filed a class action complaint (ECF No. 1, "Complaint" or "Compl.") against Coinbase, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c).

2. Coinbase has informed Plaintiffs both before and after the action was filed that the claims have no merit because the Illinois Legislature exempted financial institutions, like Coinbase, from BIPA's reach. 740 ILCS 14/25(c) ("Nothing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to

Title V of the federal Gramm-Leach-Bliley Act of 1999 ["GLBA"] and the rules promulgated thereunder.").

3. Because Coinbase is a financial institution exempt from BIPA, it intends to move to dismiss the Complaint, relying in part on Judge Tharp's careful reasoning in *Cisneros*. *See Cisneros v. Nuance Commc'ns, Inc.*, No. 1:21-cv-04285, 2024 WL 5703970 (N.D. Ill. Oct. 4, 2024) (granting motion to dismiss BIPA claims brought against company that provided voice authentication services for Charles Schwab because the company was subject to the BIPA financial institution exemption) (attached hereto as Exhibit A). Plaintiffs are expected to disagree with *Cisneros* and instead argue, among other things, that the financial institution exemption is an affirmative defense that cannot be raised in a Rule 12(b)(6) motion.

4. That issue is now squarely before the Seventh Circuit in *Cisneros*.[1] In that case, the district court granted Defendant-Appellee Nuance Communications, Inc.'s ("Nuance") motion to dismiss Plaintiff-Appellant's BIPA claims because the court held that Nuance was a financial institution under the GLBA and exempt from BIPA under 740 ILCS 14/25(c). *Cisneros*, 2024 WL 5703970, at *3-4. On appeal, Plaintiff-Appellant has presented two questions that have direct and substantial relevance to Coinbase's anticipated motion to dismiss.

5. First, Plaintiff-Appellant asks "[d]id the District Court err in dismissing Plaintiff's FAC [First Amended Complaint] based on an affirmative defense on a Rule 12(b)(6) motion?" (Ex. B at 1.) The Seventh Circuit's decision may impact how and when Coinbase can raise its position that it is exempt from BIPA's provisions.

6. Second, Plaintiff-Appellant asks "[d]id the District Court err in dismissing Plaintiff's FAC after holding that Nuance is a financial institution subject to Title V of the

---

[1] Appellant's Opening Brief in *Cisneros* is attached hereto as Exhibit B.

GLBA, and therefore, pursuant to Section 25(c), exempt from any obligations under BIPA?" (Ex. B at 2.) The district court found that defendant was a financial institution because it engaged in identity verification related to financial transactions. *Cisneros*, 2024 WL 5703970, at *3. Coinbase plans to similarly contend that it is a financial institution under the GLBA because, among other arguments, it engages in identity verification related to financial transactions. The Seventh Circuit's decision on this question is therefore relevant for one of Coinbase's arguments that it falls within the scope of BIPA's financial institution exemption.[2]

7. This Court has "inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Gibbs v. Abt. Elecs., Inc.*, No. 21 C 6277, 2022 WL 1641952, at *6 (N.D. Ill. May 24, 2022) (quoting *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019)) (attached hereto as Exhibit C). When considering whether to grant a motion to stay, a court considers: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Vaughan v. Biomat USA, Inc.*, 1:20-cv-04241, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020) (quoting *Obrzut v. LVNV Funding, LLC,* No. 19-cv-01780, 2020 WL 3055958, at *1 (N.D. Ill. June 8, 2020)) (attached hereto as Exhibit D).

8. Here, a Seventh Circuit's decision regarding BIPA's financial institution exemption in the context of a motion to dismiss will provide clarity to issues that will be raised in briefing in this case. A modest stay to wait for the Seventh Circuit's decision will prevent unnecessary briefing (and possibly appeal), promote efficiency, and conserve judicial resources.

---

[2] Plaintiff-Appellant also raises a third question which is not relevant to the present matter: namely, whether the district court erred in dismissing the First Amended Complaint without giving notice that it was considering an argument that Plaintiff-Appellant asserts was not raised by Defendant-Appellee. (Ex. B at 1.)

*See Burnett v. Ocwen Loan Servicing, LLC*, No. 17-C-3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (staying litigation where an appellate court decision would "simplify legal issues . . . and reduce the burden of litigation on the parties and the court") (attached hereto as Exhibit E). Similarly, it is worthwhile to wait for a resolution on one of the arguments Coinbase will raise in support of its defense, namely, whether a company is exempt from BIPA when it engages in providing identity verification activities related to financial transactions. *See Vaughan*, 2020 WL 6262359, at *2 (granting stay of BIPA case pending the outcome of the Illinois Appellate Court's decision of an appeal in a case addressing the question of which statute of limitations applied to BIPA claims because the decision "might be dispositive" and "[i]t makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming."); *see also Treadwell v. Power Solutions Int'l, Inc.*, No. 18-CV-8212 (N.D. Ill. Apr. 1, 2020), ECF No. 120 (order granting a stay where issue presented in the defendant's motion to dismiss a BIPA claim was "identical" to an issue before the Illinois Appellate Court in another case) (attached hereto as Exhibit F); *Bell v. SDH Servs. West, LLC*, No. 20 C 3181, 2020 WL 9812014, at *2 (N.D. Ill. Aug. 27, 2020) (granting motion to stay putative BIPA class action because pending appeals in other cases "could control the Court's resolution of the preemption and timeliness issues and guide the parties' positions as they proceed with the litigation") (attached hereto as Exhibit G).

9. As this Court has recognized, "[s]taying the present proceedings until the [relevant] issue is resolved by the . . . Appellate Court would significantly advance judicial economy." *Varnado v. W. Liberty Foods*, No. 20 C 2035, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (Coleman, J.) (granting motion to stay in an action asserting a BIPA claim because the Illinois Appellate Court was determining the statute of limitations applicable to BIPA and

"[c]entral to th[e] lawsuit is whether [plaintiff's] BIPA claims are untimely under the one-year limitations period") (attached hereto as Exhibit H); *Coleman v. Greenwood Hosp. Mgmt., LLC*, No. 21-CV-0806, 2021 WL 4242463, at *1 (N.D. Ill. May 11, 2021) (Coleman, J.) (same) (attached hereto as Exhibit I).

10. Nor would a stay prejudice Plaintiffs. Briefing in *Cisneros* is already well underway and is scheduled to be completed by July 28, 2025. (*See Cisneros*, BL-20.); *Vaughan*, 2020 WL 6262359, at *2 (noting the BIPA issue on appeal "has already been, or will soon be, fully briefed before the Illinois Appellate Court" and "[t]hus, we anticipate that a stay would be limited; and therefore, would unlikely prejudice a party."). Any potential prejudice caused by a limited stay, as requested here, would be minimal, particularly because core threshold issues will soon be resolved by the Seventh Circuit. *See Vaughan*, 2020 WL 6262359, at *3 (rejecting plaintiffs' "vague and speculative" arguments that a stay was not warranted because "Defendants are 'potentially' using sensitive data in violation of BIPA and that a stay '*could* result in Defendants' continued violation of BIPA"). Plaintiffs, moreover, do not seek a preliminary injunction, "which further indicates that a delay at this stage would not prejudice [Plaintiffs] significantly." *Medline Indus. v. C.R. Bard, Inc.*, No 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (attached hereto as Exhibit J). Accordingly, there is nothing here to suggest that a brief stay would prejudice Plaintiffs.

11. By contrast, proceeding with lengthy briefing before the Seventh Circuit's decision will prejudice Coinbase and needlessly consume this Court's time and resources. The Seventh Circuit's ruling will undoubtedly simplify—and could resolve—this litigation. As this Court has recognized, any purported prejudice to Plaintiffs are "outweigh[ed] [by] the preservation of resources resulting from a brief stay." *Garvey v. Am. Bankers Ins. Co. of Fla.*,

No. 17 C 986, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (Coleman J.) (granting motion to stay discovery in case where a forthcoming decision from the United States Circuit Court of Appeals for the District of Columbia Circuit, though "not binding on this Court," "could narrow the scope of discovery," and rejecting Plaintiff's arguments that a stay would prejudice him) (attached hereto as Exhibit K); *see also Coleman*, 2021 WL 4242463, at *1 (granting motion to stay proceedings and discovery where doing so "would significantly advance judicial economy" (citation omitted)).

12. Counsel for Coinbase and Plaintiffs have conferred, and Plaintiffs do not consent to Coinbase's request for a stay.

WHEREFORE, Coinbase respectfully requests that the Court grant this motion and stay all proceedings in this matter pending a decision by the Seventh Circuit in *Cisneros*.

Dated: July 3, 2025

                                                  */s/ William E. Ridgway*
William E. Ridgway (6325417)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
320 South Canal
Chicago, IL 60606
Telephone: (312) 407-0700
william.ridgway@skadden.com

Michael W. McTigue Jr. (NY Bar #5964192)
Meredith C. Slawe (NY Bar #5964226)
Colm P. McInerney (NY Bar #4422309)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
colm.mcinerney@skadden.com
*Counsel for Defendants Coinbase Global, Inc. and Coinbase, Inc.*