UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT BERNSTEIN, GINA GREEDER, AND JAMES LONERGAN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>COINBASE GLOBAL, INC. AND COINBASE, INC.,<br><br>        Defendants. | Civil Case No. 1:25-cv-05313<br><br>Hon. Sharon Johnson Coleman,<br>  Judge<br><br>Hon. Young B. Kim,<br>  Magistrate Judge |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTIONS TO STAY PROCEEDINGS AND FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

Defendants Coinbase Global, Inc. and Coinbase, Inc. (collectively "Coinbase" or "Defendants") submit this Reply in further support of their Motion to Stay Proceedings (ECF No. 24, "Stay Motion"), pending the Seventh Circuit's decision in *Cisneros v. Nuance Communications, Inc.*, No. 24-2982 (7th Cir. filed Nov. 1, 2024) ("*Cisneros*"), and Motion For an Extension Of Time to Respond to the Complaint (ECF No. 22, "Extension Motion").

1. In its Stay Motion, Coinbase explained that it is a financial institution as defined in BIPA[1] and therefore exempt from that statute's provisions. Shortly, the Seventh Circuit will address for the first time this exemption. It has been asked to address the procedural mechanism by which a defendant can raise this threshold defense as well as the scope of the exemption. (*See* Stay Motion ¶¶ 3-6.) The Seventh Circuit will likely provide clarity to threshold issues in this

---

[1] Unless otherwise stated, capitalized and abbreviated terms have the same meaning as defined in the Stay Motion and Extension Motion.

action, and a brief stay will therefore reduce the burden of litigation on the parties and the Court (including by preventing unnecessary briefing (and possibly appeal)). (*See id.* ¶ 8.)

2. The Response proffers "three reasons" why the Stay Motion should be denied. (Response ¶¶ 21-27.) Each should be rejected.

3. *First*, Plaintiffs assert that the *Cisneros* appeal "is taken from a motion to dismiss under Rule 12(b)(6), which typically does not meet the standard for invoking a stay of an action." (*Id.* ¶ 21.) But the case that Plaintiffs cite in support of this assertion – *Bilek v. Am.'s Health Ctr. Inc.*, No. 21-cv-1651, 2021 WL 10298831 (N.D. Ill. July 30, 2021) – is readily distinguishable. That case involved multiple defendants, but only one sought dismissal. *See Bilek*, 2021 WL 10298831, at *1, 3. The court denied a stay of discovery in part because even if the pending motion to dismiss were granted, "the action would continue" against other defendants and thus not dispose of the entire case. *Id.* at *3.

4. Coinbase has cited no fewer than six BIPA cases (and there are many more) where courts stayed claims *at the motion to dismiss* stage pending the outcome in an appeal that may impact some of the underlying issues. (*See* Stay Motion ¶¶ 7-9.) This includes several cases where this Court recognized the benefits of a stay in such circumstances. (*See id.* ¶ 9.) The Response addresses none of these cases.

5. *Second*, Plaintiffs misleadingly assert that "the appeal in *Cisneros* is not relevant to the issues in this case" and "there is no overlap between the issues on appeal in *Cisneros* and the issues Coinbase is likely to raise in a hypothetical motion to dismiss." (Response ¶¶ 20, 23.) Not so. As Coinbase explained in its Stay Motion, the appeal in *Cisneros* places two issues squarely before the Seventh Circuit that bear on this Court's determination of Coinbase's anticipated motion to dismiss: (1) the extent to which a District Court may consider, at the

motion to dismiss stage, a defendant's argument that BIPA's financial institution exemption applies to it; and (ii) the extent to which that exemption applies to a defendant that engages in identity verification related to financial transactions. (*See* Stay Motion ¶¶ 5-6.) Plaintiffs' reductive characterization of these issues is unpersuasive and fails to explain why a brief stay allowing the Seventh Circuit to address them is not warranted here.

6. As Coinbase asserted in its Stay Motion, Plaintiff-Appellant's appeal in *Cisneros* directly raises the question about a District Court's proper consideration of BIPA's financial institution exemption at the motion to dismiss stage. (*See id.* ¶ 5.) This issue speaks to this Court's ability to consider, in connection with Coinbase's anticipated motion, a potentially dispositive argument that Plaintiffs' action must be dismissed. And although Plaintiffs raise purported factual distinctions between this case and *Cisneros*, they fail to explain why the Seventh Circuit's determination on this gating issue of whether the BIPA financial exemption is an affirmative defense would not directly impact this Court's adjudication of Coinbase's motion to dismiss, nor why granting a modest stay to allow this important issue to be resolved would not promote efficiency and clarity in this case.

7. Plaintiffs' similar attempts to downplay the substantive issue implicated in *Cisneros* are similarly unpersuasive. A core issue on appeal is the extent to which BIPA's financial institution exemption applies to a defendant that engages in identity verification related to financial transactions. As Coinbase has explained, among other arguments, its anticipated motion to dismiss will likely assert that it is exempt from BIPA because it engages in similar verification efforts. (*See id.* ¶ 6.) The Seventh Circuit's determination in *Cisneros* may thus speak directly to an argument that Coinbase will likely raise as a reason why Plaintiffs' claims should be dismissed. This further supports Coinbase's request for a stay pending resolution of

that appeal. Plaintiffs' suggestion that "*Cisneros* will offer no guidance on this issue," (Response ¶ 26), is disingenuous: indeed, Plaintiffs' allegations pertaining to the verification of Coinbase users' identities form the very heart of Plaintiffs' Complaint and their associated claims before this Court. (*See e.g.*, Compl. ¶¶ 3-4, 31, 34-37.)[2]

8. *Third*, the Response argues that "any stay would greatly prejudice Plaintiffs." (Response ¶ 27.) The primary support for this argument is the allegations that Coinbase delayed the mass arbitration that Plaintiffs' counsel previously pursued before the American Arbitration Association (the "AAA") by requesting that administrative issues be sent to an AAA Process Arbitrator (*see id.* ¶¶ 3-4, 27), that Plaintiffs thereafter "prevailed" during the Process Arbitrator stage (*id.* ¶ 27), and that Coinbase's subsequent nonpayment of arbitration fees caused "over a year of delay before this Action was even filed." (*id.*). These allegations are baseless.

9. To begin with, Plaintiffs neglected to inform this Court that *Plaintiffs' counsel* improperly asked the Process Arbitrator to rule that the Batch Arbitration provision in Coinbase's User Agreement was unenforceable.[3] The Batch Arbitration provision was designed to efficiently administer mass arbitrations such as the one brought by Plaintiffs' Counsel. Plaintiffs and Coinbase agreed in the Coinbase User Agreement "to cooperate in good faith with the AAA to implement the Batch Arbitration process *including the payment of single filing and*

---

[2] Contrary to Plaintiffs' assertion, Coinbase did not "misrepresent the first issue raised by plaintiff-appellant in *Cisneros*." (Response ¶ 23.) The Stay Motion identified all three issues raised on appeal in *Cisneros*, highlighting that two issues were relevant to this action and the other issue was not. (*See* Stay Motion ¶¶ 6, 6 n.2.)

[3] *See also* Compl. ¶¶ 34-35, n.20 (referencing and providing a link to the User Agreement).

*administrative fees for batches of Requests, as well as any steps to minimize the time and costs of arbitration.*"[4]

10. The Process Arbitrator did *not* rule in Plaintiffs' counsel's favor on those issues – a point conceded in Plaintiffs' Complaint. (*See* Compl. ¶ 55.) The Complaint alleges that "the parties" raised certain issues before the Process Arbitrator but that he "declined to decide" certain of these issues "including the 'batching' procedures that would apply to the arbitrations". (*Id.*) The Process Arbitrator squarely *rejected* Plaintiffs' counsel's challenge to the enforceability of the Batch Arbitration provision and deferred certain other issues to merits arbitrators.

11. After the Process Arbitrator's ruling, the arbitration claimants (including Plaintiffs), though counsel, urged the AAA not to follow the fee schedule in the Batch Arbitration provision in violation of claimants' good faith obligations "to cooperate in good faith with the AAA to implement the Batch Arbitration process." After the AAA acquiesced with the request, Coinbase exercised its rights under the AAA rules to decline to pay the fees.

12. In any event, Coinbase's non-payment did not lead to "over a year of delay before this Action was even filed." (Response ¶ 27.) As the Complaint concedes, *fewer than two months* – *not* "over a year" – passed between the closure of the arbitrations and the commencement of the present action. (*See* Compl. ¶¶ 57-60.)[5] Accordingly, Plaintiffs, and not Coinbase, have caused any delay.

---

[4] While the User Agreement now provides that JAMS administers any mass arbitrations, the version of the agreement that applied to Plaintiffs' counsel's mass arbitration against Coinbase provided for AAA administration of such arbitrations.

[5] Coinbase disagrees with various allegations in the Complaint relating to the background of this dispute, including the prior mass arbitration pursued by Plaintiffs' counsel, but does not seek to burden the Court with refuting those allegations at this time.

13. Plaintiffs' counsel's desire to engage in unnecessary briefing and discovery, rather than wait for key issues to be decided by the Seventh Circuit, is a mere litigation tactic that would not promote efficiency or conserve judicial resources.

14. Plaintiffs also argue that the *Cisneros* appeal "will not be dispositive of Plaintiffs' claims" because, although three of the four causes of action in the Complaint assert BIPA claims, the Complaint also "include[s] a count under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c)." (Response ¶ 29.) But that cause of action is explicitly premised on the predicate finding that Coinbase has violated BIPA. (*See* Compl. at 28) (providing the title of Plaintiffs' fourth cause of action as follows: "Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, *Based on Coinbase's BIPA Violation*, 815 ILCS § 505/10a(c).") (emphasis added)).) Thus, because the *Cisneros* appeal will address issues relating to Coinbase's BIPA financial exemption defense that may dispose of this entire case, a brief stay should be granted.[6]

15. Plaintiffs also do not refute that they have not sought preliminary injunctive relief, further undermining any assertion that a brief stay of several months would prejudice them. (*See* Stay Motion ¶ 10.)

---

[6] Plaintiffs' own cases recognize that a stay of all proceedings is warranted, (*see* Response ¶ 29), where "a party raises a potentially dispositive threshold issue," *Hayes v. Bd. of Educ. for City of Chi.*, No. 21-C-1198, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021), and the resolution of the dispositive motion may "dispose of the entire case." *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 162 (N.D. Ill. 1993) (citation omitted).

16. Finally, for the reasons set forth in its separate Extension Motion, should the Court deny the Stay Motion then Coinbase requests a short extension of time to respond to the Complaint.[7]

Dated: July 11, 2025

/s/ William E. Ridgway
William E. Ridgway (6325417)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
320 South Canal
Chicago, IL 60606
Telephone: (312) 407-0700
william.ridgway@skadden.com

Michael W. McTigue Jr. (NY Bar #5964192)
Meredith C. Slawe (NY Bar #5964226)
Colm P. McInerney (NY Bar #4422309)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
colm.mcinerney@skadden.com

*Counsel for Defendants Coinbase Global, Inc. and Coinbase, Inc.*

---

[7] Contrary to Plaintiffs' assertion (*see* Response ¶ 14), the Extension Motion did not misrepresent anything regarding the parties' conferral regarding Coinbase's requested extension. Instead, the Extension Motion accurately stated: "Counsel for Coinbase and Plaintiffs have conferred, and Plaintiffs did not consent to Coinbase's requested extension of time." (Extension Motion ¶ 6.)