**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SCOTT BERNSTEIN, GINA GREEDER, AND JAMES LONERGAN, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:25-cv-05313 |
| | Honorable Sharon Johnson Coleman, Judge |
| v. | |
| COINBASE GLOBAL, INC. AND COINBASE, INC. | Honorable Young B. Kim, Magistrate Judge |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO STAY PROCEEDINGS**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I. PRELIMINARY STATEMENT ............................................................................ 1

II. FACTS .................................................................................................................... 2

III. LEGAL STANDARD .............................................................................................. 4

IV. ARGUMENT .......................................................................................................... 5

    A. The proposed stay will neither simplify nor streamline the issues in question. ..... 5

    B. The proposed stay will not reduce the burden of litigation on the Court and the Parties............................................................................................................... 11

    C. The proposed stay will prejudice and tactically disadvantage Plaintiffs and the proposed Class. ................................................................................................... 13

V. CONCLUSION..................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell v. SDH Servs. West*,
    LLC, 2020 WL 9812014 (N.D. Ill. Aug. 27, 2020) ........................................................11, 12

*Bernstein v. Coinbase Glob., Inc. et al.*,
    No. 25-cv-05313 (May 13, 2025) ................................................................... *passim*

*Burnett v. Ocwen Laon Servicing, LLC*,
    2017 WL 5171226 (N.D. Ill. Nov. 8, 2017) ................................................................12

*Chagolla v. City of Chicago*,
    529 F. Supp. 2d 941 (N.D. Ill. 2008) ................................................................13

*Cisneros v. Nuance Comm'ns, Inc.*,
    2024 WL 5703970 (N.D. Ill. Oct. 4, 2024)................................................................3

*Cisneros v. Nuance Communications, Inc.*,
    2024-02982 (7th Cir.) ................................................................... *passim*

*Clinton v. Jones*,
    520 U.S. 681 (1997)................................................................14

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736 (2023)................................................................15

*Coinbase, Inc. v. Suski*,
    602 U.S. 143 (2024)................................................................15

*Coleman v. Greenwood Hosp. Mgmt., LLC*,
    2021 WL 4242463 (N.D. Ill. May 11, 2021) ................................................................11

*Coleman v. Verde Energy USA Illinois, LLC*,
    2017 WL 5007144 (S.D. Ill. Nov. 2, 2017) ................................................................14

*Cullen v. Kunes Country Auto. Mgmt., Inc.*,
    2025 WL 1616824 (C.D. Ill. June 6, 2025) ................................................................9, 10

*Davis v. Jumio Corp.*,
    2023 WL 2019048 (N.D. Ill. Feb. 14, 2023) ................................................................9, 10

*Deyerler v. HireVue, Inc.*,
    2024 WL 774833 (N.D. Ill. Feb. 26, 2024) ................................................................9, 10

*Doe v. Selection.com*,
   2015 WL 5853700 (N.D. Cal. Oct. 8, 2015).................................................................15

*Fee v. Ill. Inst. of Tech.*,
   2022 WL 2791818 (N.D. Ill. July 15, 2022)..............................................................9, 10

*Gaertner v. Commemorative Brands, Inc.*,
   2025 WL 931290 (S.D. Ill. Mar. 27, 2025) ..............................................................9, 10

*Garvey v. Am. Bankers Ins. Co. of Fla.*,
   2017 WL 6016307 (N.D. Ill. Dec. 4, 2017)...................................................................12

*Gibbs v. Abt. Elecs., Inc.*,
   2022 WL 1641952 (N.D. Ill. May 24, 2022) .................................................................11

*Kuklinski v. Binance Cap. Mgmt. Co., Ltd.*,
   2022 WL 3018427 (S.D. Ill. July 29, 2022) ...................................................................4

*Kuklinski v. Binance Cap. Mgmt. Co., Ltd.*,
   2023 WL 2788654 (S.D. Ill. Apr. 4, 2023).....................................................................6

*Landstrom v. Ill. Dep't of Children & Family Servs.*,
   892 F.2d 670 (7th Cir.1990) ...........................................................................................4

*Mayhew v. Candid Color Sys., Inc.*,
   743 F. Supp. 3d 994 (S.D. Ill. 2024)...............................................................................7

*McGoveran v. Amazon Web Servs., Inc.*,
   2023 WL 2683553 (D. Del. March 29, 2023)..................................................................5

*McGovern v. Amazon Web Servs., Inc.*,
   2024-3215 (3d Cir.) ..........................................................................................................5

*Mutnick v. Clearview AI, Inc.*,
   2020 WL 8093509 (N.D. Ill. May 19, 2020) ................................................................14

*Patterson v. Respondus, Inc.*,
   593 F. Supp. 3d 783 (N.D. Ill. 2022) ............................................................................10

*Quentere v. Cornfields, LLC*,
   2022 WL 22889697 (N.D. Ill. Apr. 8, 2022) ..................................................................4

*Schmude v. Sheahan*,
   2004 WL 1179418 (N.D. Ill. May 25, 2004)...................................................................4

*Sullivan v. Sony Music Ent.*,
   2014 WL 13111889 (N.D. Ill. July 15, 2014)..................................................................4

*Treadwell v. Power Solutions Int'l, Inc.*,
No. 18-cv-8212 (N.D. Ill. Apr. 1, 2020) .................................................................12

*United States Catholic Conference v. Abortion Rights Mobilization, Inc.*,
487 U.S. 72 (1988) ..................................................................................................4

*Varnado v. W. Liberty Foods*,
2021 WL 545628 (N.D. Ill. Jan. 5, 2021) .............................................................11

*Vaughan v. Biomat USA, Inc.*,
2020 WL 6262359 (N.D. Ill. Oct. 23, 2020) .........................................................11

*Wallrich v. Samsung Elecs. Am., Inc.*,
106 F.4th 609 (7th Cir. 2024) ................................................................................15

**Statutes**

740 ILCS 14/15(a) ...........................................................................................................3

740 ILCS 14/15(b) ...........................................................................................................3

740 ILCS 14/15(d) ...........................................................................................................3

740 ILCS 14/25(c) ....................................................................................................*passim*

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................*passim*

N.D. of Ill. L.R. 7.1 .......................................................................................................12

Plaintiffs Scott Bernstein, Gina Greeder and James Lonergan (collectively, "Plaintiffs"), by and through their undersigned counsel, submit the following opposition to Defendants Coinbase Global, Inc. and Coinbase, Inc.'s (collectively, "Defendants" or "Coinbase") Motion to Stay Proceedings (the "Stay Motion" or "Motion") (ECF No. 24).

## I.     PRELIMINARY STATEMENT

Coinbase's Motion misapprehends the issues on appeal in *Cisneros v. Nuance Communications, Inc.*, 2024-02982 (7th Cir.), a BIPA action with little relevance to this case. Resolution of the appeal in *Cisneros* will not provide any clarity as to whether Coinbase, a cryptocurrency exchange, is a "financial institution" for the purposes of BIPA under 740 ILCS 14/25(c) (the "Section 25(c) exemption"), because in *Cisneros*, neither party disputed that Charles Schwab (the entity that the plaintiff was a customer of) was a financial institution. Here, the parties dispute that Coinbase is a financial institution.

Because the cases are factually and legally distinct, Coinbase stretches the potential relevance of *Cisneros* far beyond what the parties to that case are arguing. Regardless of whether the "financial institution" exemption is an "affirmative defense" or simply an issue that is typically fact-dependent and not susceptible for resolution without discovery, the Seventh Circuit in *Cisneros* is not being asked to overrule foundational principles of what evidence or information may be considered on a Rule 12(b)(6) motion. Nor is the Seventh Circuit considering whether to extend the "financial institution" exemption to any entity that collects biometric information related to financial transactions regardless of whether a GLBA financial institution is involved. Courts do not grant stays of litigation where appellate litigation is not directly relevant to the issues on any anticipated motion to dismiss.

Even if the *Cisneros* appeal could potentially have some minimal relevance to this matter, the other two stay factors favor Plaintiffs. Coinbase plainly disputes whether it is a financial

institution and intends to make a Rule 12(b)(6) motion to dismiss regardless of the outcome of *Cisneros*. Thus, nothing about *Cisneros* will reduce the burden of litigation on the parties or the Court. In the BIPA cases Coinbase cites, courts granted stays of a party's time to respond based on pending issues before Illinois appellate courts regarding the length and accrual date of the BIPA statute of limitations. In those cases, a stay potentially benefited all parties and the Court because the appellate decision would have resulted in either dismissal or repleading of the complaint or would have mooted a potential issue on the motion to dismiss. Here, nothing will change about this case's posture even if the Seventh Circuit reverses *Cisneros*.

Further, a stay is not appropriate because this litigation has already involved over a year of administrative delay caused by Coinbase's refusal to pay contractually mandated arbitration fees, in addition to the delay that will be occasioned by waiting for the outcome of the motion. Because Coinbase cannot meet its burden to justify a stay, this Court should deny the Motion.

## II.   FACTS

On May 13, 2025, Plaintiff filed the Class Action Complaint ("Complaint") against Defendants. ECF No. 1. The Complaint alleges that Coinbase violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, for a class of Illinois customers. *Id.* As discussed in Plaintiffs' response to Defendants' Notices for Presentment (ECF No. 26), Plaintiffs were members of a group of over 10,000 Coinbase users from Illinois represented by undersigned counsel who filed individual demands for arbitration with the American Arbitration Association ("AAA") in March and April 2024, under Coinbase's User Agreement. *See* Class Action Complaint, *Bernstein v. Coinbase Glob., Inc. et al.*, No. 25-cv-05313, ECF No. 1, at ¶51 (May 13, 2025) ("Complaint"). After the Defendants' refusal to pay their share of the fees AAA assessed to initiate merits arbitrations, which followed many months of litigating before a Process

2

Arbitrator, the AAA administratively closed the arbitrations, permitting Plaintiffs to bring their claims in Court. *See* ECF No. 26, at ¶¶3-7.

Plaintiffs are customers of Coinbase, a cryptocurrency exchange. The Complaint alleges that Coinbase violated BIPA through the collection of biometric data during its customers' onboarding and identity verification process. Compl. at ¶¶31-35. This process requires a customer to upload a government ID as well as to take a selfie and upload it to Coinbase during the account creation process. *Id.* at ¶¶36-37, 46. Coinbase does not provide its customers with sufficient BIPA disclosures, or request consent related to its biometric collection practices or its relationship with third party identity verification services, Jumio and Onfido, that supply Coinbase with facial recognition software. *Id.* at ¶¶38-46. The third party identity verification providers also do not request or obtain written consent from Coinbase users. *Id.* at ¶45. The Complaint alleges that Coinbase violated BIPA (740 ILCS 14/15(a); 740 ILCS 14/15(b), and 740 ILCS 14/15(d)) and the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/10a(c)).

On July 3, 2025, with fewer than two weeks to go before their answer to the Complaint was due and after Plaintiffs had served discovery, Defendants filed the Stay Motion arguing that an appeal that had been pending before the Seventh Circuit Court of Appeals since November 2024, *Cisneros v. Nuance Communications, Inc.*, 2024-02982 (7th Cir.), warranted a stay of their response and discovery obligations. *Cisneros* was decided in October 2024, on an issue that had not been briefed by the parties. *See Cisneros v. Nuance Comm'ns, Inc.*, 2024 WL 5703970, at *2-3 (N.D. Ill. Oct. 4, 2024) (citing *McGoveran v. Amazon Web Servs., Inc.*, 2023 WL 2683553, at *1 (D. Del. March 29, 2023) (Ex. A). Plaintiffs filed a response to the Defendants' notice of presentment for the Motion on July 7, 2025 (ECF No. 26), and Coinbase filed a reply on July 11,

2025 (ECF No. 31).  The Court stayed Coinbase's time to respond to the complaint and set a briefing schedule on the Stay Motion.  ECF No. 32.

## III.    LEGAL STANDARD

As set forth in greater detail below, Coinbase has failed to meet its burden with respect to the factors that courts in this District consider when determining whether to grant a stay.  Courts in this District "disfavor[] [motions to stay] because they bring resolution of the dispute to a standstill." *Sullivan v. Sony Music Ent.*, 2014 WL 13111889, at *2 (N.D. Ill. July 15, 2014). District courts have broad discretion to determine whether to grant a stay. *Quentere v. Cornfields, LLC*, 2022 WL 22889697, at *1 (N.D. Ill. Apr. 8, 2022) (Ex. B).  In exercising that discretion, courts consider whether a stay will (1) simplify the issues in question and streamline the trial; (2) reduce the burden of litigation on the parties and court; and (3) unduly prejudice or tactically disadvantage the non-moving party.  *Id.*, at *1.  Coinbase, as the movant, bears the burden of proof to show that a stay is justified on each of the three factors.  *See Kuklinski v. Binance Cap. Mgmt. Co., Ltd.*, 2022 WL 3018427, at *1 (S.D. Ill. July 29, 2022) (Ex. C).  That burden is "heavy." *Schmude v. Sheahan*, 2004 WL 1179418, at *3 (N.D. Ill. May 25, 2004) (Ex. D). a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue such as a challenge to a plaintiff's standing, *see United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79–80 (1988), or pending resolution of qualified immunity claims, *see Landstrom v. Ill. Dep't of Children & Family Servs.,* 892 F.2d 670, 674 (7th Cir.1990). Based on the application of the foregoing considerations and Coinbase's failure to meet its "heavy" burden, the Court should deny the Motion.

## IV.    ARGUMENT

### A.    The proposed stay will neither simplify nor streamline the issues in question.

Coinbase has indicated that it plans to move to dismiss the complaint because it believes that it is a "financial institution exempt from BIPA[.]" Mot. at 2. Then, based upon this legal conclusion, Coinbase argues that it will rely on the district court's decision in *Cisneros* as support for its argument that it is a financial institution. *Id.* However, resolution of the appeal in *Cisneros* will have no impact on this case and, most importantly, will not simplify nor streamline the issues in question because Coinbase and Nuance, the defendant in *Cisneros*, are not similarly situated. The complaint alleges that Coinbase is a cryptocurrency exchange. Unlike Nuance, Coinbase is not a provider of voice authentication services to financial institutions, nor is it a financial institution. This fundamental distinction justifies denial of the Stay Motion.

As a preliminary matter, Defendants sidestep the complicated procedural history of *Cisneros*. Nuance did not argue it was a financial institution; instead, the District Court decided the applicability of the financial institution exemption after the defendant submitted a notice of supplemental authority concerning a case from the District of Delaware that was on appeal.[1] On appeal, the plaintiff in *Cisneros* claims that it did not respond to the notice of supplemental authority because the court's "unambiguous" procedures "did not allow [plaintiff] the opportunity for briefing" in response to a notice of supplemental authority, and because Nuance never argued that the Section 25(c) exemption applied to it (but to a third party). This leaves open the potential for the Seventh Circuit to resolve the appeal on solely procedural grounds. *See id.* at 3 n.2.

---

[1] Both *Cisneros* and *McGoveran* concern findings that companies that provide voice authentication services for customers of financial and banking institutions are eligible for BIPA's Section 25(c) financial institution exemption. Notably, *McGoveran* itself is on appeal before the Third Circuit Court of Appeals. *See McGovern v. Amazon Web Servs., Inc.*, 2024-3215 (3d Cir.).

Coinbase entirely sidesteps this issue, arguing in a footnote that it is not relevant, but it goes to the likelihood that *Cisneros* will have any relevance at all.

However, even if the Seventh Circuit determines the *Cisneros* court did not make a procedural error and otherwise affirms its holding with respect to the BIPA financial institution exemption, *Cisneros* has no bearing on this case because the parties in *Cisneros* did not dispute that Schwab was a financial institution. Courts deny motions to dismiss BIPA claims against cryptocurrency exchanges because whether a cryptocurrency exchange is a financial institution is ordinarily not susceptible to resolution on a motion to dismiss. "[I]t is important to note that the BIPA exemption is not for *all* financial institutions." *Kuklinski v. Binance Cap. Mgmt. Co., Ltd.*, 2023 WL 2788654, at *8 (S.D. Ill. Apr. 4, 2023) (Ex. E) (citing *Stauffer v. Innovative Heights Fairview Heights, LLC,* 480 F. Supp. 3d 888, 902 (S.D. Ill. 2020)) (emphasis in original). In *Binance*, the court considered whether to apply the Section 25(c) exemption to a cryptocurrency exchange like Coinbase. The court wrote that "it seems doubtful [Binance] would be designated as a 'financial institution.'" *Binance*, 2023 WL 2788654, at *8. The *Binance* court found that "[n]owhere in the Complaint is [Binance] described as a financial institution, that is engaged in any of the [] activities that would subject it to GLBA." *Id.* Similarly, the Complaint here does not describe Coinbase, a cryptocurrency exchange like Binance, as a financial institution engaged in any of the activities outlined in *Binance*.

In its Motion, Coinbase argues that that whether the Section 25(c) exemption is an affirmative defense is "squarely before the Seventh Circuit in *Cisneros*[]" and that "Plaintiffs are expected to disagree with *Cisneros* and instead argue [] that the financial institution exemption is an affirmative defense that cannot be raised in a Rule 12(b)(6) motion." *Id.*[2] Setting aside that

---

[2] At this juncture, Plaintiffs do not endorse any arguments Defendants prospectively assign to them but do note that courts in this Circuit are bound by the Seventh Circuit recognition that affirmative defenses are

Coinbase is assuming what Plaintiffs will argue in respond to a motion to dismiss it has yet to file, the issue of whether the Section 25(c) exemption is an "affirmative defense" is not on appeal in *Cisneros*. This Court needs look no further than Nuance's own words. *See* Br. of Defendant-Appellee Nuance Communications, Inc., 24-2982, ECF No. 22 (7th Cir. July 7, 2025) (Attached as Ex. B to Motion, ECF No. 24-2). According to Nuance, there are two narrow issues for the Seventh Circuit to consider in the *Cisneros* appeal:

> (1) Did the district court properly dismiss Plaintiff's BIPA claims on the ground that, taking Plaintiff's allegations as true, Nuance is exempt from BIPA under the GLBA exemption *where it allegedly engages in voice authentication activity* related to financial transactions?
>
> (2) Should this Court affirm on the alternative ground that Plaintiff effectively seeks to apply BIPA's requirements to Schwab, a financial institution exempt from BIPA?

Br. of Def.-Appellee, 24-2982, ECF No. 22 at 4 (emphasis added). The answers to these questions will not "provide clarity to issues that will be raised in briefing in this case[]" as Defendants claim in the Motion. *See* Mot. at 3. Coinbase does not engage in voice authentication activity, which Nuance's first question addresses, and the second question has no relation to this case at all, since Plaintiffs in this case are not seeking to apply BIPA to anybody but Coinbase.

Instead, the prevailing party in *Cisneros*, Nuance, underscored that it "focused its motion to dismiss on Schwab's role as a financial institution." Br. of Def.-Appellee, 24-2982, ECF No. 22 at 18. Schwab was not a party to the *Cisneros* case, and the plaintiff conceded in its opposition to the motion to dismiss that there was "no doubt" non-party Schwab qualified as a financial institution under the GLBA. *See* Pl.'s Resp. In Opp'n to Def. Nuance Communications, Inc.'s

---

not on the Rule 12(b) list of defenses appropriate for a motion. *See Mayhew v. Candid Color Sys., Inc.*, 743 F. Supp. 3d 994, 1010 (S.D. Ill. 2024) (citing *Luna v Vanegas v. Signet Builders, Inc.*, 46 F.4th 636, 640 (7th Cir. 2022)).

Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), 21-cv-4285, ECF No. 21 at 6 (N.D. Ill. Dec. 20, 2021) (Ex. F). In its appellate brief, Nuance also argued that "[a]t no point during the district court proceedings . . . did Plaintiff suggest that Nuance was precluded from arguing that it is a financial institution." Br. of Def.-Appellee, 24-2982, ECF No. 22 at 20. Additionally, one of the main section headings in Nuance's appellate brief states: "Taking Plaintiff's Allegations as True, Nuance is Exempt from BIPA under the GLBA When It Supplies Voice Authentication Software to Schwab[.]" *Id.* at 21. In that section, Nuance makes clear that it seeks the GLBA protections in its role as a service provider to Schwab, a financial institution, but not "in all instances for all purposes and for all customers[.]" *Id.* at 27.

The *Cisneros* plaintiff "argued on the merits that the GLBA exemption did not apply, thereby implicitly agreeing it was appropriate for the district court to interpret Section 25(c)." *Id.* at 32. Indeed, the plaintiff in *Cisneros* conceded, "There is no doubt that Charles Schwab is a financial institution subject to the GBLA [sic]." *See* Pl.'s Resp. In Opp'n to Def., 21-cv-4285, ECF No. 21 at 6. Furthermore, Nuance argued that "the district court's ruling on the GLBA exemption required no factual development" because, unlike here, "Plaintiff's own allegations satisfy any such affirmative defense." Br. of Def.-Appellee, 24-2982, ECF No. 22 at 34. Accordingly, the issue of whether the Section 25(c) exemption is an affirmative defense is not "squarely" before the Seventh Circuit, despite Coinbase's claims otherwise, and will not be addressed in *Cisneros*.

While Coinbase is correct that numerous courts in this District have described the financial institution exemption as "akin to an affirmative defense," this does not change the irrelevance of *Cisneros*. Based on the Complaint in this case, the applicability of the Section 25(c) exemption will turn on facts outside the pleadings or record and should be resolved at a later stage of the case.

*See Davis v. Jumio Corp.*, 2023 WL 2019048, at \*4 (N.D. Ill. Feb. 14, 2023) (Ex. G); *see also Deyerler v. HireVue, Inc.*, 2024 WL 774833, at \*4 (N.D. Ill. Feb. 26, 2024) (Ex. H) (motions to dismiss are "limited in scope to the sufficiency of the allegations set forth in the complaint"); *Fee v. Ill. Inst. of Tech.*, 2022 WL 2791818, at \*6 (N.D. Ill. July 15, 2022) (Ex. I) ("BIPA's [financial institution] exemption presents a question of fact better addressed at a later stage in the proceedings").

Two opinions from within this Circuit in 2025 underscore how much Defendants overstate the import of *Cisneros*, since both opinions were decided while *Cisneros* has been pending. *See Cullen v. Kunes Country Auto. Mgmt., Inc.*, 2025 WL 1616824 (C.D. Ill. June 6, 2025) (Ex. J); *Gaertner v. Commemorative Brands, Inc.*, 2025 WL 931290 (S.D. Ill. Mar. 27, 2025) (Ex. K). Both *Cullen* and *Gaertner* determined that the Section 25(c) exemption is not proper for determination at the motion to dismiss stage unless a complaint's allegations open the door to a Section 25(c) exemption argument. Here, Plaintiffs' Complaint does not.

In *Cullen*, the plaintiff alleged that his car dealership-employer violated BIPA by requiring him to scan his fingerprint to access a locker for car keys at his job. 2025 WL 1616824, at \*1. The Defendants argued that they were exempt from BIPA under Section 25(c), contending that the GLBA applies to car dealerships. *Cullen*, 2025 WL 1616824, at \*2, 5. The *Cullen* Defendants requested that the Court take judicial notice of their own website in support of their Section 25(c) argument. *Id.* at \*6-7. The court declined to take judicial notice because it determined that "Defendants' proffered website is for a private company and is seemingly operated by Defendants themselves." *Id.* at \*6. The *Cullen* court then rejected Defendants' Section 25(c) exemption argument, finding that "the issues of whether [the car dealership] is a financial institution under

the GLBA and if [its subsidiary] is an affiliate present issues of fact that cannot be determined based on the allegations of the Complaint." *Id.* at \*7.

Similarly, in *Gaertner*, the plaintiff alleged that a photographer violated BIPA by taking his picture during his college graduation ceremony and then using facial recognition technology to identify him.  2025 WL 931290, at \*1-2.  The photographer claimed that its affiliation with universities rendered it an "affiliate of a financial institution" within the meaning of Section 25(c), meaning it was exempt from BIPA.  Noting that the Section 25(c) exemption "cannot be considered in the context of a Rule 12(b)(6) motion unless the defendant's entitlement to the defense is apparent from the face of the complaint[,]" the *Gaertner* court concluded that the "weight of authority"[3] from other courts in the Seventh Circuit led it to conclude that the Defendants' Section 25(c) exemption argument was "no[t] appropriate at the Rule 12(b)(6) motion to dismiss stage." *Id.* at \*8-9.

Seemingly recognizing that the principle of whether the BIPA financial institution exemption is an affirmative defense or not is not at issue in *Cisneros*, Coinbase recharacterizes the issue on appeal in its reply in support of its motion for presentment.  According to Coinbase, the Seventh Circuit is also considering the sweeping issue of "the extent to which that exemption applies to a defendant that engages in identity verification related to financial transactions."  ECF No. 31 at 3.  The Seventh Circuit is not doing that.  The determination of whether a voice authentication service provider to an SEC-registered broker dealer, whom the plaintiff conceded

---

[3] *See Deyerler*, 2024 WL 774833, at \*4 (motions to dismiss are "limited in scope to the sufficiency of the allegations set forth in the complaint"); *Davis*, 2023 WL 2019048, at \*4 (qualification for Section 25(c) exemption "presents a question of fact that cannot be determined based on the allegations of the Complaint"); *Fee*, 2022 WL 2791818, at \*6 ("BIPA's [financial institution] exemption presents a question of fact better addressed at a later stage in the proceedings"); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 819 n. 18 (N.D. Ill. 2022) (noting "possibility that section 25(c) provides an *affirmative* defense, as it does not bear on the sufficiency of Plaintiff's BIPA claims") (emphasis in original).

was "no doubt" a financial institution subject to GLBA, qualifies for the Section 25(c) exemption will not provide "clarity" as to whether Coinbase, a cryptocurrency exchange that provides no authentication services of any kind to any entity, never mind a GLBA financial institution, qualifies for the BIPA financial institution exemption. The *Cisneros* appeal will not streamline or simplify any of the issues in question. This alone warrants denial of the Stay Motion.

### B. The proposed stay will not reduce the burden of litigation on the Court and the Parties.

Coinbase fails to show that the proposed stay will reduce the burden of litigation on the Court and the Parties. Putting aside that *Cisneros* has no relevance to the issues that will be decided on Coinbase's anticipated motion to dismiss, Coinbase has made plain that it intends to charge forward with its Rule 12(b)(6) motion, regardless of the outcome of *Cisneros*. *See* Mot. at 3, 8.

As a result, this matter does not involve the type of threshold issues decided in the cases Defendants cite that would have potentially mooted an issue on a motion to dismiss and saved both parties and the Court significant time and expense. For example, Coinbase relies on a line of cases that arose when Illinois appellate courts were considering the applicable statute of limitation for a BIPA claim. *See Gibbs v. Abt. Elecs., Inc.*, 2022 WL 1641952, at *6 (N.D. Ill. May 24, 2022) (staying litigation where statute of limitations for BIPA claims being considered by Illinois Supreme Court while noting "this decision is a close call and the Court recognizes other courts in this District have declined to stay similar cases") (Ex. L).[4] Of course, it does not make sense for a Court to consider a proposed motion to dismiss premised on a statute of limitations argument

---

[4] *Varnado v. W. Liberty Foods*, 2021 WL 545628, at *1 (N.D. Ill. Jan. 5, 2021) (staying litigation where applicable statute of limitations for BIPA claims being considered by appellate court) (Ex. M); *Coleman v. Greenwood Hosp. Mgmt., LLC,* 2021 WL 4242463, at *1 (N.D. Ill. May 11, 2021) (staying litigation where applicable statute of limitations for BIPA claims being considered by appellate court) (Ex. N); *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *2 (N.D. Ill. Oct. 23, 2020) (same) (Ex. O); *Bell v. SDH Servs. West,* LLC, 2020 WL 9812014, at *2 (N.D. Ill. Aug. 27, 2020) (same) (Ex. P).

where the motion itself might be rendered moot by the appellate decision. Similarly, the question of whether the Illinois Workers' Compensation Law preempted BIPA claims of employees against their employers would also have disposed of a potential motion to dismiss.[5] The same is true with the statutory definition of a key term in the elements plaintiffs must prove in federal Telephone Consumer Protection Act ("TCPA") claims.[6] Indeed, Defendants even rely on cases where the Court found that the plaintiff's failure to "argue that [the case on appeal] is materially different from his case" did not justify denying the stay request, which is not the case here. *Treadwell v. Power Solutions Int'l, Inc.*, No. 18-cv-8212, ECF No. 120, at 1-2 (N.D. Ill. Apr. 1, 2020) (ECF 24-6).

In this case, the Seventh Circuit's decision in *Cisneros* will not spare the parties any time and expense in litigating Coinbase's threatened motion to dismiss.[7] Because the Seventh Circuit is not being asked to overrule the basic principle that whether a company is a financial institution is ordinarily not appropriate for determination on a motion to dismiss, denying the stay will in fact reduce the burden on the parties. If Coinbase does not believe that it can make a Rule 12(b)(6) motion on the face of the Complaint or with other judicially noticeable evidence, then a stay is even less appropriate. It should instead answer, and the parties can proceed quickly to discovery, class certification, and summary judgment on what is likely to be the sole contested issue in this

---

[5] *See id.*, at *2 (deeming motion a "close question" and staying litigation for appeal related to BIPA preemption by IWCA); *Treadwell*, No. 18-cv-8212, ECF No. 120 (staying litigation for appeal related to BIPA preemption by IWCA).

[6] *See Garvey v. Am. Bankers Ins. Co. of Fla.*, 2017 WL 6016307, at *1 (N.D. Ill. Dec. 4, 2017) (staying litigation where appellate decision could transform the elements that plaintiff must prove under the TCPA and oral argument had already taken place a year earlier); *Burnett v. Ocwen Laon Servicing, LLC*, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (same) (Ex. Q).

[7] Defendants also contend that the Parties will engage in "lengthy briefing" on Defendants' motion to dismiss in the absence of a stay; yet, this Court's rules state that Northern District of Illinois L.R. 7.1's 15-page limitation on memoranda "shall be strictly enforced" so the briefing will not be "lengthy."

litigation. There, Coinbase will be free to present whatever evidence it may have that it is a financial institution subject to the GLBA without burdening the Court with a motion that is unlikely to succeed.

### C. The proposed stay will prejudice and tactically disadvantage Plaintiffs and the proposed Class.

Coinbase fails to meet its burden to show that Plaintiffs will not be prejudiced or tactically disadvantaged by the stay. In the Motion, Defendants assert that a stay would be "limited" and potential prejudice to Plaintiffs "minimal" because "[b]riefing in *Cisneros* . . . is scheduled to be completed by July 28, 2025" and "core threshold issues will soon be resolved by the Seventh Circuit." Mot. at 5. Defendants are wrong, the briefing in *Cisneros* will not be complete until August 11, 2025, with an oral argument date yet-to-be scheduled. Further, Defendants' confidence that "core threshold issues will soon be resolved" fails to account for the possibilities that the parties to *Cisneros* settle their dispute, the Seventh Circuit reverses on procedural issues, or that the plaintiff-appellant withdraws the appeal, any of which would fail to provide the clarity Defendants claim *Cisneros* will.

Granting the stay by adopting Defendants' self-serving assumption that the stay will be "brief" until an unknowable date when the Seventh Circuit issues its opinion will prejudice Plaintiffs, "who ha[ve] a significant interest in obtaining resolution of [their] claims and compensation if [they] prove[] [they are] entitled to it." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008). As of the most recent reporting for the length of appeals in the Seventh Circuit published by the federal judiciary in September 2024, civil appeals in the Seventh Circuit are not concluded until 7.7 months *on average* after the appellee's final brief and until 11.1

months *on average* after the filing of the notice of appeal.[8]  However, given that the *Cisneros* notice of appeal was filed nearly nine months ago on November 1, 2024, briefing is still not completed, and oral arguments have still not been scheduled, it appears likely that the proceedings will last longer than the average appeal in the Seventh Circuit.

The stay will also block Plaintiffs' ability to take discovery from Coinbase, as well as third parties, including the firms that assisted Coinbase in its identity verification activities.  *See Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) ("delaying trial would increase the danger of prejudice resulting from loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party").  Second, the proposed stay creates a tactical disadvantage as it would hamper Plaintiffs' ability to locate class members.  *See Coleman v. Verde Energy USA Illinois, LLC*, 2017 WL 5007144, at *3 (S.D. Ill. Nov. 2, 2017) (Ex. S).  Finally, Plaintiffs have requested injunctive relief (Compl. at ¶¶ 5, 75, 84, and 92), which this Court has previously found weighs against imposition of a stay.  *See Mutnick v. Clearview AI, Inc.*, 2020 WL 8093509, at *2 (N.D. Ill. May 19, 2020) (Ex. T) (denying stay request in BIPA action to examine "jurisdictional and transfer issues" because it would "not save judicial resources, especially when weighed against plaintiff's need for injunctive relief and any prejudice from a delay") (Coleman, J.).[9]

Any prejudice analysis must also consider that Plaintiffs first filed their claims over a year ago.  On March 6, 2024, 7,926 individuals filed individual demands for arbitration with the American Arbitration Association ("AAA") against Coinbase. On April 5, 2024, an additional 2,565 individuals, including Plaintiffs, filed demands for arbitration with AAA against Coinbase. Coinbase requested an AAA Process Arbitrator dismiss Plaintiffs' demands without reaching the

---

[8] *See* U.S. Court of Appeals – Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2024 (Ex. R).
[9] Coinbase wrongly claims Plaintiffs must be seeking a preliminary injunction to show prejudice, while citing to an inapposite complex patent litigation.  *See* Mot. at 5.  Not so.

merits.  Ex. U.  The Process Arbitrator denied this request on December 31, 2024.[10]  Ex. V.  Coinbase then spent three more months arguing with AAA over its fees before finally revealing to AAA and Plaintiffs that it would not pay any of the arbitration fees invoiced to it by AAA.  Ex. W.  After Plaintiffs declined to cover Coinbase's portion of the fees (Ex. X), AAA administratively closed the arbitrations on April 16, 2025 (Ex. Y).  As a result, the Parties' arbitration was considered "had" and the Plaintiffs proceeded to pursue their claims in this Court.  *Wallrich v. Samsung Elecs. Am., Inc.*, 106 F.4th 609, 622 (7th Cir. 2024).  Of course, Plaintiffs could not have reasonably expected Coinbase would ultimately refuse to pay the fees, given Coinbase's frequent invocation of arbitration as a method of resolving consumer disputes.  *See Coinbase, Inc. v. Suski*, 602 U.S. 143 (2024); *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).

Plaintiffs are entitled to a determination of their claims on the merits.  Staying this matter pending the outcome of an unrelated appeal will only encourage Coinbase to engage in more procedural delays as the matter progresses.

## V.    CONCLUSION

Based on the foregoing, it is clear that "this is not one of the 'rare circumstances' in which a stay pending the resolution of an appeal in another case is appropriate."  *Doe v. Selection.com*, 2015 WL 5853700, at *5 (N.D. Cal. Oct. 8, 2015) (Ex. Z).  Coinbase has failed to satisfy its burden to justify its requested stay.  Accordingly, the Court should deny Defendants' Motion.

---

[10] The AAA charges administrative fees of $3,125 to claimants and $8,125 to respondents, plus arbitrator compensation, for any "Process Arbitration."  While the jurisdiction of Process Arbitrators is ordinarily limited to non-merits issues, this has created a perverse incentive for respondents like Coinbase to attempt to obtain dismissal or delay of arbitrations before any consideration of their merits, while retaining the option to refuse to pay their arbitration fees for the merits arbitrations if they lose.

Dated: July 28, 2025

Respectfully submitted,

**LABATON KELLER SUCHAROW LLP**

By: _____

Jonathan Gardner (admitted *pro hac vice*)
Carol C. Villegas (admitted *pro hac vice*)
Jonathan D. Waisnor (admitted *pro hac vice*)
James M. Fee (admitted *pro hac vice*)
Danielle Izzo (admitted *pro hac vice*)
Brent E. Mitchell (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: 212-907-0700
Fax: 212-818-0477
jgardner@labaton.com
cvillegas@labaton.com
jwaisnor@labaton.com
jfee@labaton.com dizzo@labaton.com
bmitchell@labaton.com

*Attorneys for Plaintiffs Scott Bernstein, Gina Greeder, James Lonergan and the Proposed Class*

**WALLACE MILLER**
Mark R. Miller
Matthew J. Goldstein
150 N. Wacker Drive Suite 1100
Chicago, IL 60604
Telephone: 312-663-8282
mrm@wallacemiller.com
mjg@wallacemiller.com

*Local Counsel for Plaintiffs and the Proposed Class*