# Exhibit U

# Skadden, Arps, Slate, Meagher & Flom LLP

ONE MANHATTAN WEST
NEW YORK, NEW YORK 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3529
DIRECT FAX
(917) 777-3529
E-MAIL ADDRESS
MICHAEL.MCTIGUE@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

May 10, 2024

**VIA E-MAIL**

Heather Stout
Manager of ADR Services
American Arbitration Association
1301 Atwood Ave, Suite 211N
Johnston, RI 02919
heatherstout@adr.org

RE: *Individual Claimants v. Coinbase, Inc.*, Case Number 01-24-0003-0061

Dear Ms. Stout:

We represent Respondent Coinbase, Inc. ("Coinbase") in connection with the demands for arbitration ("Demands") filed by Claimants' counsel, Labaton Keller Sucharow ("Claimants' Counsel"), with the AAA.[1] Coinbase requests the appointment of a Process Arbitrator to address the following preliminary administrative issues:

---

[1] On April 4, 2024, the AAA stated that "[t]he parties have now met the filing requirements for the 7,926 demands filed against Coinbase, Inc." (Letter from the AAA to the Parties, dated April 4, 2024.) The next day (April 5), Claimants' Counsel submitted an additional 2,565 demands for arbitration. On April 9, the AAA acknowledged receipt of these additional demands and stated that "[t]he additional 2,565 individual consumer arbitrations filed against Coinbase will be added to the previously filed 7,926 individual consumer arbitrations filed against Coinbase." (Letter from the AAA to the Parties, dated April 9, 2024.) The AAA has not yet stated whether the additional demands satisfy its filing requirements and Coinbase reserves all of its rights in this regard.

Heather Stout
May 10, 2024
Page 2

1. Whether the attorney affirmations provided by Claimants' Counsel satisfy the requirements of the AAA's Mass Arbitration Supplementary Rules (the "Supplementary Rules");

2. Whether each Claimant is aware of and has authorized the filing of the Demands;

3. Whether the arbitrations should be closed to allow the parties to proceed with the claims in small claims court;

4. Whether Claimants have met the pre-arbitration requirements under the Coinbase User Agreement (the "User Agreement");

5. Whether Claimants' Demands fail to provide basic information required under the AAA's Consumer Arbitration Rules (the "Consumer Rules") and the User Agreement; and

6. The procedures that should apply to the User Agreement's "Batch Arbitration" process.

Each issue is discussed briefly below.

**1. Whether the attorney affirmations provided by Claimants' Counsel satisfy the requirements of the Supplementary Rules**

The Supplementary Rules provide that the demands for arbitration in a mass arbitration filing "must include an affirmation that the information provided *for each individual case* is true and correct to the best of the representative's knowledge." Supplementary Rules, MA-2 (emphasis added). Claimants' Counsel have submitted two affirmations which merely restate the language of MA-2. Based on just a limited review of the Claimant pool, Coinbase has identified significant deficiencies that raise serious doubts that any of the required pre-claim vetting has occurred. This issue is within the Process Arbitrator's jurisdiction to decide. *See* Supplementary Rules, MA-6(c)(i) (Process Arbitrator "shall have the authority to determine . . . [w]hether the parties have met the AAA-ICDR's filing requirements or the filing requirements in the parties' contract."); *see also id.*, MA-6(c)(xi) (Process Arbitrator "shall have the authority to determine . . . [a]ny other non-merits issues affecting case administration arising out of the nature of the mass arbitration that the Process Arbitrator determines is appropriate for determination").[2]

---

[2] The User Agreement also provides that by signing a demand for arbitration, Claimants' Counsel are certifying "to the best of counsel's knowledge, information, and belief, formed after an inquiry

Heather Stout
May 10, 2024
Page 3

**2. Whether each Claimant is aware of and has authorized the Demands**

Coinbase has a reasonable belief that at least some Claimants are unaware of the filing of these Demands. Whether Claimants are aware of and have authorized the filing of a Demand in their name are "non-merits issues affecting case administration arising out of the nature of the mass arbitration" that the Process Arbitrator has authority to address. Supplementary Rules, MA-6(c)(xi); *see also id.*, MA-6(c)(i) (Process Arbitrator "shall have the authority to determine . . . [w]hether the parties have met the AAA-ICDR's filing requirements").

**3. Whether the arbitrations should be closed to allow the parties to proceed with the claims in small claims court**

Coinbase requests that the AAA administratively close the arbitrations so the parties may proceed with the claims in small claims court. The Process Arbitrator has the authority to address this issue. *See* Supplementary Rules, MA-6(c)(vii)(a) (where, as here, the arbitrations are "under the Consumer Arbitration Rules," Process Arbitrator "shall have the authority to determine . . . [w]hether the cases should be closed and the parties proceed in small claims court.").

**4. Whether Claimants have met the pre-arbitration requirements under the User Agreement**

In addition to the attorney certification (*see* Issue No. 1, *supra*), the User Agreement includes a mandatory pre-arbitration "Formal Complaint Process." (*See* User Agreement § 7.2; *see also* User Agreement, App'x. 5 § 1.4 (requiring that each demand for arbitration include "a statement certifying completion of the Formal Complaint Process.").) Claimants appear to concede that they have not complied with the Formal Complaint Process. (*See* Demands ¶¶ 5-7.) The Process Arbitrator has the authority to determine whether Claimants satisfied this condition precedent to arbitration. *See* Demands ¶ 5 (conceding that the Formal Complaint Process is "a condition precedent to commencing arbitration."); Supplementary Rules, MA-6(c)(ii) (Process Arbitrator "shall have the authority to determine . . . [d]isputes over any applicable conditions precedent").

---

reasonable under the circumstances, that" the claims are not frivolous and the Demand is not being brought for an improper purpose and that "the factual and damages contentions have evidentiary support." (User Agreement, App'x. 5 § 1.4.) Coinbase contends the claims are frivolous and have been brought for an improper purpose and intends to seek appropriate relief before each merits arbitrator for Claimants' Counsel's false certification.

Heather Stout
May 10, 2024
Page 4

5. **Whether Claimants' Demands fail to provide basic information required under the Consumer Rules and the User Agreement**

The Demands also fail to satisfy the applicable AAA filing requirements because they do not provide basic information required under R-2 of the Consumer Rules as well as information required by the User Agreement. These deficiencies include omitting almost any individualized information for each Claimant and failing to provide an accurate, good faith calculation of their alleged damages.[3] The Process Arbitrator has the authority to address whether the Demands satisfy the filing requirements of the Consumer Rules and the User Agreement. *See* Supplementary Rules, MA-6(c)(i). The Process Arbitrator is also authorized to require Claimants' Counsel to supplement the basic information provided in a mass filing, particularly in circumstances where—as here—the respondent identifies deficiencies in the information provided. *See id.*, MA-6(c)(xi) (Process Arbitrator "shall have the authority to determine . . . [a]ny other non-merits issues affecting case administration arising out of the nature of the mass arbitration that the Process Arbitrator determines is appropriate for determination").

6. **The procedures that should apply to the User Agreement's "Batch Arbitration" process**

The User Agreement's "Batch Arbitration" process applies to these Demands. Under this process, the AAA shall administer the mass arbitrations "in batches of 100 [Demands] per batch," with each batch to be consolidated as one arbitration before one arbitrator with one set of filing and administrative fees due per side per batch. (User Agreement, App'x. 5 § 1.8.) The User Agreement also requires the parties "to cooperate in good faith with the AAA to implement the Batch Arbitration process including . . . [taking] any steps to minimize the time and costs of arbitration, which may include: (1) the appointment of a discovery special master to assist the arbitrator in the resolution of discovery disputes; and (2) the adoption of an expedited calendar of the arbitration proceedings." (*Id.*) Coinbase requests that the Process Arbitrator address: (a) applicable deadlines for pleadings pertaining to each batch (*e.g.*, submission of answer and counterclaims, submission of further pleadings); (b) the appointment process for the merits arbitrator to be appointed for each batch; and (c) procedures relating to the exchange of information for each batch. These are "non-merits issues affecting case administration arising out of the nature of the mass

---

[3] *See* User Agreement, App'x. 5 § 1.4 (requiring that the Demand includes, *inter alia*, "a statement of the legal claims being asserted and the factual bases of those claims" and "a description of the remedy sought, including an accurate, good faith calculation of the amount in controversy in [USD].").

Heather Stout
May 10, 2024
Page 5

arbitration" that the Process Arbitrator has authority to address. Supplementary Rules, MA-6(c)(xi).[4]

                                       Sincerely,

                                       /s/ Michael W. McTigue Jr.

                                       Michael W. McTigue Jr.

cc:    All counsel of record

---

[4] *See also* User Agreement App'x. 5 § 1.8 (providing that, if needed, "the AAA shall appoint" an "Administrative Arbitrator" to "determine the applicability of the Batch Arbitration process" and the Administrative Arbitrator "may set forth such procedures as are necessary to resolve any disputes promptly."); Letter from the AAA to the Parties, dated April 10, 2024 (identifying potential issues to put to a Process Arbitrator including "Procedural Efficiencies," "Appointment process for merits arbitrator(s)," and "Proposal of Joint Scheduling Orders.").