# Exhibit X



Jonathan D. Waisnor
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0623
jwaisnor@labaton.com

April 3, 2025

**VIA EMAIL**

Heather Stout
American Arbitration Association
2355 Highway 36 West, Suite 400
Roseville, MN 55113
heatherstout@adr.org

RE: Individual Claimants v. Coinbase, Inc., Case Number: 01-24-0003-0061

Ms. Stout:

We represent the Claimants in the above-referenced matter and write in response to your email dated March 27, 2025 (the "March 27th Email").

As you know, on December 31, 2024, Process Arbitrator Hartsfield rejected Coinbase, Inc.'s ("Coinbase") laundry list of threshold objections to the Claimants' filings. However, Process Arbitrator Hartsfield did not decide "the manner in which the AAA administrative fee has been or will be charged." Ruling, dated December 31, 2024, ¶ 119(2). The American Arbitration Association ("AAA") then held an administrative call with Coinbase and the Claimants (collectively, the "Parties") on February 6, 2025, during which Coinbase urged AAA to modify its fee schedule for these 10,490 cases. Coinbase submitted a letter the next day, repeating its request. After further correspondence, on March 3, AAA informed Coinbase and the Claimants that it would not modify its fees and issued invoices of $808,625.00 to the Claimants and $1,415,875.00 to Coinbase for per case filing fees. Claimants timely paid their share of the fees.

On March 24—the day payments were due—Coinbase submitted yet another letter, seeking reconsideration of AAA's decision not to modify its fees in this case or, in the alternative, closure of this matter. On March 27, AAA again informed the Parties that it would not modify its fees and asked Claimants to advise whether they would advance the fees Coinbase owed. AAA also advised that Coinbase could face repercussions, including the removal of its arbitration clause from the Consumer Clause Registry, if this matter is closed due to non-payment of fees.

Notably, also on March 27, Coinbase published an amended arbitration clause (the "Amended Clause").[1] However, the Amended Clause has not yet appeared publicly in the Consumer Clause Registry.

---

[1] https://www.coinbase.com/legal/user_agreement/united_states.



New York | Delaware | Washington, D.C. | London



Individual Claimants v. Coinbase, Inc., Case Number: 01-24-0003-0061
April 3, 2025
Page 2

Claimants decline to advance over $1.4 million in AAA fees that Coinbase, a company with over $6.5 billion in revenue and $1.2 billion in net income in 2024, owes. However, as your March 27th Email indicates, Coinbase should not be allowed to benefit from its non-payment of AAA fees in this matter, especially after it lodged a grab-bag of unsuccessful objections during the process arbitration. Coinbase must face consequences for flouting the rules of the arbitral forum it selected and depriving consumers of a timely opportunity to have their claims heard.

Accordingly, Claimants request that AAA close this matter with a letter making clear that: (1) Coinbase's operative arbitration clause (the "Operative Clause") has been or will be removed from the Consumer Clause Registry; (2) AAA will not accept the Amended Clause for registration; (3) due to the removal of the Operative Clause and the denial of the registration of the Amended Clause, AAA will decline to hear any new arbitrations involving Coinbase; (4) Coinbase must remove any reference to AAA from its consumer arbitration clauses to avoid public confusion; and (5) that Claimants are free to pursue their claims in the appropriate court.

Very truly yours,

Jonathan Waisnor


cc: Counsel of Record