UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT BERNSTEIN, GINA GREEDER, AND JAMES LONERGAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>  v.<br><br>COINBASE GLOBAL, INC. AND COINBASE, INC.<br><br>                    Defendants. | Case No. 1:25-cv-05313<br>Honorable Sharon Johnson Coleman<br>Magistrate Judge Young B. Kim |

### JOINT INITIAL STATUS REPORT

Pursuant to this Court's orders on May 15, 2025 (ECF 12) and July 9, 2025 (ECF 30), Plaintiffs Scott Bernstein, Gina Greeder and James Lonergan (collectively, "Plaintiffs") and Defendants Coinbase Global, Inc. and Coinbase, Inc. (collectively, "Defendants" or "Coinbase") submit the following joint status report.

**I.    Nature of the Case**

1. Attorneys of record, and lead trial counsel, for each party:

    a. Plaintiffs: Jonathan Waisnor (Lead Attorney), Jonathan Gardner, Carol Villegas, Danielle Izzo, James Fee, Brent Mitchell, Matthew Goldstein, Mark Miller

    b. Defendants: Michael W. McTigue Jr. (Lead Attorney), Meredith C. Slawe, William E. Ridgway, Colm P. McInerney.

2. Nature of the claim(s) and any counterclaim(s):

    a. Plaintiffs' Claims: Plaintiffs have brought four claims in their complaint (ECF 1). In Counts I, II and III, Plaintiffs allege that Coinbase violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 ("BIPA"). Specifically, Count I alleges that Coinbase fails to maintain a satisfactory policy for biometric data retention and deletion as required by 740 ILCS 14/15(a). The complaint alleges that Coinbase lacked appropriate retention schedules and guidelines for permanently destroying Plaintiffs' biometric identifiers collected by Defendants as specified by BIPA.

       Count II alleges that Coinbase generated, collected, and stored Plaintiffs' biometric data and information, including facial geometry scans, without Plaintiffs' consent, and did not properly inform Plaintiffs that their biometric identifiers were being so generated, collected, and stored in violation of 740 ILCS 14/15(b).

       Count III alleges that Coinbase improperly disclosed Plaintiffs' biometric identifiers and information to third party identity verification services without Plaintiffs' written consent as required by 740 ILCS 14/15(d).

       Count IV alleges that Coinbase violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c), by surreptitiously generating, collecting, storing, and disclosing Plaintiffs' private information and data without express notice or consent from Plaintiffs.

       As a result of the foregoing alleged violations, Plaintiffs allege that they have suffered injury in the form of violations to their privacy rights for which they are entitled to statutory damages and were injured as a direct and proximate result of Coinbase's unfair, unlawful and deceptive business practices.

  b. <u>Defendants' Defenses and Counterclaims</u>: Coinbase intends to file a motion to dismiss the Complaint. The claims are baseless and should ultimately be dismissed because Coinbase is a financial institution and it is therefore exempt from BIPA's requirements. Even if BIPA applied (which it does not), Coinbase – as opposed to third-party vendors – did not collect, possess or store Plaintiffs' "biometric information" or "biometric identifiers" as defined under BIPA, and no data at issue identifies a particular individual as required to qualify as a "biometric identifier" or "biometric information" under BIPA. Coinbase also has concerns that Plaintiffs' counsel have failed to fulfill their obligations under Fed. R. Civ. P. 11(b) to ensure that the claims are not frivolous and the factual contentions have evidentiary support and it is also concerned that Plaintiffs' counsel may be pursuing these claims for an improper purpose.

3. <u>Major legal and factual issues</u>:

  a. <u>Plaintiff's identified legal and factual issues</u>:

     i. Whether Coinbase generated, collected, and stored biometric identifiers or biometric information, and whether the information Coinbase collected constituted biometric identifiers or biometric information under BIPA;

     ii. Whether Coinbase disclosed biometric identifiers or biometric information;

     iii. Whether Coinbase obtained informed written consent prior to the generation, collection, storage, or disclosure of biometric identifiers or biometric information;

     iv. Whether Coinbase provided written, publicly available retention schedules and guidelines for destroying biometric identifiers or biometric information;

      v. Whether Coinbase is a private entity covered by BIPA;

      vi. Whether Coinbase's violations of BIPA were intentional, reckless, or negligent, and the appropriate statutory damages amount under BIPA; and

      vii. Whether Coinbase's generation, collection, and storage of biometric identifiers and biometric information constituted a deceptive business practice under the Illinois Consumer Fraud and Deceptive Business Practices Act.

  b. <u>Defendants' identified legal and factual issues</u>:

      i. Whether Coinbase is a financial institution and therefore exempt from BIPA's requirements;

      ii. Whether Coinbase, as opposed to third-party vendors, collects, possesses, or stores "biometric information" or "biometric identifiers" as defined under BIPA;

      iii. Whether the data at issue identifies a particular individual, as required to qualify as a "biometric identifier" or "biometric information" under BIPA; and

      iv. Whether Plaintiffs are barred from seeking class relief or otherwise cannot meet the requirements for class certification under Federal Rule of Civil Procedure 23.

4. <u>Relief sought by the plaintiff</u>: Plaintiffs ask the Court to grant the following relief:

  a. A judgment and decree that defendants have unlawfully violated BIPA and the Illinois Consumer Fraud and Deceptive Business Practices Act;

  b. Liquidated damages of: (i) $5,000.00 for each intentional and/or reckless violation of BIPA (*see* 740 ILCS 14/20(2)); or (ii) $1,000.00 for each negligent violation of BIPA (*see* 740 ILCS 14/20(1));

  c. Injunctive and other necessary equitable to protect the interests of the Class, including an order requiring Defendants to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

  d. Such other further and different relief as the nature of the case may require or as the Court may deem just and proper, including attorneys' fees, costs, and other litigating expenses pursuant to 740 ILCS 14/20(3).

5. <u>General status of the case</u>: Service of the Complaint is complete. Plaintiffs have served initial requests for the production of documents on Defendants and have served subpoenas for the production of documents on two third parties. The third parties have served responses and objections to the subpoenas. Per the Court's directions on July 14, 2025

3

(discussed below), Defendants' deadline to serve responses and objections to the requests for production has not yet occurred. On July 3, 2025, Coinbase filed a Motion For An Extension Of Time To Respond To The Complaint (ECF 22-23, "Extension Motion") and a Motion To Stay Proceedings, seeking to stay all proceedings pending a decision by the Seventh Circuit in *Cisneros v. Nuance Comm'ns, Inc.*, No. 24-2982 (7th Cir. filed Nov. 1, 2024) ("*Cisneros*") (ECF 24-25, "Stay Motion") (Extension Motion and Stay Motion collectively, "the Motions"). On July 7, 2025, Plaintiffs filed a Response to the Motions and Notices for Presentment (ECF 26) and on July 11, 2025, Coinbase filed a reply (ECF 31). On July 14, 2025, the Court held an in-person hearing on the presentment of Coinbase's Motions. The Court granted Plaintiffs' request to file an opposition to the Stay Motion by July 28, 2024, and directed Defendants to file their reply by August 4, 2025 (ECF 32). The Court ruled that the parties "don't have to do anything else until [the Court] make[s] [its] decision on whether this matter is stayed." (ECF 34 at 12-13). The Court also granted Coinbase's Extension Motion (ECF 32). On July 28, 2025, Plaintiffs filed an opposition to the Stay Motion (ECF 33) and Defendants filed their reply on August 4, 2025 (ECF 35).

II. **Pending Motions**

1. Identify all pending motions: Defendants' Stay Motion.

2. Indicate any previously set deadlines: Defendants' original deadline to respond to the Complaint (July 14, 2025) has been extended by the Court while it resolves the Stay Motion (ECF 32).

III. **Proposed Discovery Schedule**

1. General type of discovery required: Plaintiffs anticipate that fact discovery will include written interrogatories, the production of documents including data collected by Coinbase for identity verification purposes, and depositions (including third party depositions). Plaintiffs anticipate that each party will have a liability expert and other subject matter experts.

2. Proposed discovery schedule.

    a. Plaintiffs' Position: Plaintiffs would like to set a schedule for discovery as soon as possible after the Court issues a decision on the Stay Motion. Plaintiffs believe such a schedule should be negotiated by the Parties within two (2) days of the Court's order on the Stay Motion should the Court deny the Stay Motion. Alternatively, should the Court grant the Stay Motion, Plaintiffs propose that the Parties negotiate a discovery schedule within two (2) days of the Seventh Circuit's opinion being issued in *Cisneros*. Below, Plaintiffs provide a proposed schedule related to Defendants' Answer or Responsive Motion(s) to the Complaint.

    b. Defendants' Position: As set forth above, Coinbase has filed the Stay Motion. In addition, because Coinbase is exempt from the reach of BIPA, ultimately, no discovery will be necessary to resolve this matter. At this time, Coinbase proposes

4

that the Court defer establishing any discovery schedule until after it resolves its forthcoming motion to dismiss.

| Item | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Answer or Responsive Motion(s) | Seven (7) days after the Court's decision on the Stay Motion, or if the Court grants the Stay Motion, seven (7) days after the Seventh Circuit's decision in *Cisneros*. | Twenty (20) days after either (a) the Court denies the Stay Motion or (b) the Court lifts any stay it grants in response to the Stay Motion, pursuant to the schedule proposed in Coinbase's Extension Motion (ECF 22). |
| Response to any motion(s) | Twenty-eight (28) days after Defendants file their Responsive Motion(s) | Twenty-eight (28) days after Coinbase files its Responsive Motion(s). |
| Reply in support of any motion(s) | Fourteen (14) days after Plaintiffs file their response | Fourteen (14) days after Plaintiffs file their response. |

## IV. Trial

1. <u>Whether there has been a jury demand</u>: Plaintiffs have requested a jury trial.

2. <u>Estimated length of trial</u>: Plaintiffs' view is that a trial of this matter is expected to take up to ten business days. Coinbase's view is that, while it expects this matter to be dismissed prior to any trial, a trial of this matter should take no more than five business days.

## V. Status of Settlement Discussions

1. <u>Status of any settlement discussions</u>: The parties have attempted to mediate Plaintiffs' claims but were unsuccessful.

2. <u>Whether the parties request a settlement conference</u>: The parties will notify the Court if they become interested in a settlement conference.

3. <u>Whether the parties are interested in pursuing arbitration or mediation</u>: The parties do not believe it would be fruitful to engage in further settlement discussions at this time. The parties will notify the Court if they become interested in a settlement conference or if they plan to pursue arbitration or mediation.

## VI. Consent to Proceed Before the Magistrate Judge

1. <u>Whether the parties consent to proceed before a magistrate judge for all purposes</u>: The parties do not consent to proceed before a magistrate judge at this time.

Dated: August 20, 2025

        Respectfully submitted,

        **LABATON KELLER SUCHAROW LLP**

By:   */s/ Jonathan Gardner*
      Jonathan Gardner (admitted *pro hac vice*)
      Carol C. Villegas (admitted *pro hac vice*)
      Jonathan D. Waisnor (admitted *pro hac vice*)
      James M. Fee (admitted *pro hac vice*)
      Danielle Izzo (admitted *pro hac vice*)
      Brent E. Mitchell (admitted *pro hac vice*)
      140 Broadway
      New York, NY 10005
      Telephone: 212-907-0700
      Fax: 212-818-0477
      jgardner@labaton.com
      cvillegas@labaton.com
      jwaisnor@labaton.com
      jfee@labaton.com
      dizzo@labaton.com
      bmitchell@labaton.com

*Attorneys for Plaintiffs Scott Bernstein, Gina Greeder, James Lonergan and the Proposed Class*

**WALLACE MILLER**
Mark R. Miller
Matthew J. Goldstein
150 N. Wacker Drive
Suite 1100
Chicago, IL 60604
Telephone: 312-663-8282
mrm@wallacemiller.com
mjg@wallacemiller.com

*Local Counsel for Plaintiffs and the Proposed Class*

By: */s/ William E. Ridgway*
William E. Ridgway (6325417)

SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
320 South Canal
Chicago, IL 60606
Telephone: (312) 407-0700
william.ridgway@skadden.com

Michael W. McTigue Jr. (NY Bar #5964192)
Meredith C. Slawe (NY Bar #5964226)
Colm P. McInerney (NY Bar #4422309)
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
michael.mctigue@skadden.com
meredith.slawe@skadden.com
colm.mcinerney@skadden.com

*Counsel for Defendants Coinbase Global, Inc. and Coinbase, Inc.*

7