**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT BERNSTEIN, GINA GREEDER, AND JAMES LONERGAN, individually and on behalf of all others similarly situated | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 25-cv-05313 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| COINBASE GLOBAL, INC. AND COINBASE, INC., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Coinbase Global, Inc. and Coinbase, Inc. ("Coinbase") filed a motion to stay proceedings. For the following reasons, the Court grants Coinbase's motion to stay [24].

**BACKGROUND**

As a brief overview, Scott Bernstein, Gina Greeder, and James Lonergan, individually and on behalf of all others similarly situated, ("Plaintiffs") filed a complaint against Coinbase for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq,* and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c) (the "Complaint"). The Complaint alleges that Coinbase violated BIPA by collecting biometric data through its identity verification process that requires users to upload a picture of their government-issued ID and a "selfie" to access its platform. Plaintiffs assert that Coinbase utilizes facial recognition technology from third parties to verify the user's identity. Relevant here, Plaintiffs contend that Coinbase failed to provide adequate disclosures required under BIPA and did not obtain informed consent from users prior to collecting their biometric information or utilizing facial recognition technology provided by third parties.

1

On July 3, 2025, Coinbase filed a motion to stay proceedings and motion for extension of time to respond to Plaintiffs' Complaint. During the July 14th hearing, the Court entered a briefing schedule on the motion to stay.[1] The motion to stay argues that this action should be stayed pending the Seventh Circuit's ruling in *Cisneros v. Nuance Commc'ns, Inc.,* No. 24-2982 (7th Cir. Filed Nov. 1, 2024) (the "*Cisneros* Appeal"). In the *Cisneros* Appeal, plaintiff-appellant Cisneros appeals the district court's ruling, granting defendant-appellee Nuance's motion to dismiss. The district court dismissed the action, finding that Nuance is subject to Section 25(c) of BIPA, which exempts financial institutions subject to Title V of the federal Gramm-Leach Bliley Act of 1999 ("GLBA") from BIPA requirements. *Cisneros v. Nuance Commc'ns, Inc.,* No. 21-cv-04285, 2024 WL 5703970, at *4 (N.D. Ill. Oct. 4, 2024) (Tharp, J.) ("*Cisneros I*"). The district court found that, by supplying Charles Schwab with voice identification technology, Nuance engaged in activities that authenticate the identity of customers conducting financial and non-financial transactions that are closely related to banking. *Cisneros I,* 2024 WL 5703970, at *4. Because entities involved in such activities are deemed financial institutions under Title V of the GLBA, and thus fall within the financial institution exemption outlined in Section 25(c) of BIPA, the district court concluded that Nuance is exempt from BIPA under this provision. *Id.* at *4.

Coinbase intends to move to dismiss the Complaint based on the district court's ruling in *Cisneros I*, arguing that, like Nuance, Coinbase is subject to the financial institution exemption from BIPA. As the Seventh Circuit will decide whether the district court erred in dismissing *Cisneros I* based on Nuance's affirmative defense and holding that Nuance is a financial institution subject to the financial institution exemption under BIPA, and Coinbase plans to put forward arguments that rely

---

[1] During the July 14th status hearing, the Court indicated that it would address the motion for extension of time following resolution on the motion to stay. For the reasons stated in this Order, the Court denies the motion for extension of time as moot.

on the outcome of *Cisneros I* in this litigation, Coinbase argues that the Court should stay this matter pending the resolution of these issues by the Seventh Circuit.

**LEGAL STANDARD**

It is well-established that district courts retain the inherent power to control their own docket. *Dotson v. Bravo,* 321 F.3d 663, 667 (7th Cir. 2003). This inherent power includes the ability to stay proceedings. *Mutnick v. Clearview AI, Inc.,* No. 20 C 512, 2020 WL 8093509, at *1 (N.D. Ill. May 19, 2020) (Coleman, J.) (internal citation omitted). In determining whether to grant a motion to stay, courts consider (1) whether the stay will simplify the issues and streamline the trial; (2) whether the stay will reduce the burden of litigation on the Court and the parties; and (3) whether the stay will unduly prejudice or tactically disadvantage the non-moving party. *See Vaughan v. Biomat USA, Inc.,* No. 1:20 CV 04241, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020) (Aspen, J.) (internal citation omitted).

**DISCUSSION**

**I. Whether the Stay will Simplify the Issues and Streamline the Trial**

Plaintiffs argue that the motion to stay will not simplify the issues and streamline the trial because Coinbase and Nuance are not similarly situated because Coinbase does not provide voice authentication services for a financial institution. Plaintiffs also claim that the issues presented in the *Cisneros* Appeal are not applicable to the issues in this case and therefore would not streamline this matter. The Court disagrees.

In *Cisneros I,* the district court analyzed Section 25(c) of BIPA. Section 25(c) states that "[n]othing in this Act shall be deemed to apply in any manner to a financial institution or an affiliate of a financial institution that is subject to Title V of the [GLBA] and the rules promulgated thereunder." 740 ILCS 14/25(c). The district court found that Section 25(c) borrows the definition of "financial institution" from the GLBA, which defines "financial institution" as "any institution the

3

business of which is engaging in financial activities as described in section 1843(k) of Title 12." 15 U.S.C. § 6809(3)(A). A financial activity under Section 1843(k) includes "any activity that the [Federal Reserve] Board has determined, by order or regulation that is in effect on November 12, 1999, to be so closely related to bank or managing or controlling banks as to be a proper incident thereto[.]" 12 U.S.C. § 1843(k)(4)(F). The Federal Reserve Board determined that "authenticating the identity of persons conducting financial and nonfinancial transactions" are activities closely related to banking. 12 C.F.R. § 225.86(a)(2)(iii).

The district court held that the voice authentication services Nuance provides for customers of financial and banking institutions, such as Charles Schwab, is an activity "authenticating the identity of persons conducting financial and nonfinancial transactions" that is "closely related to banking." *Cisneros I,* 2024 WL 5703970, at *4. Because businesses that engage in activities that are "closely related to banking" are considered "financial institutions" under Title V of GLBA and Section 25(c) of BIPA exempts financial institutions covered by Title V of GLBA from its requirements, the district court found that Nuance was as financial institution exempt from BIPA. *Id.* at *4.

Contrary to Plaintiffs' argument, *Cisneros I* does not pigeonhole its ruling to the specific type of identity authentication services Nuance provides. Rather, the district court determined that the voice authentication services provided by Nuance is an activity "authenticating the identity of persons conducting financial and nonfinancial transactions" that is "closely related to banking." *Id.* at *4. The district court made clear that "[b]usinesses that engage in activities 'closely related to banking'… are 'financial institutions under Title V of the GLBA" and that Section 25(c) of BIPA exempts such financial institutions. *Id.* at *4. The Court does not construe *Cisneros I* as hinging solely on the kind of identity authentication service provided. And any distinction Plaintiffs attempt to draw between Coinbase and Nuance based on the nature of their respective identity verification service is unavailing.

4

The Court also finds the issues presented in the *Cisneros* Appeal are similar to the issues in this case. Plaintiffs present a selective characterization of the issues in the *Cisneros* Appeal, referencing only the questions posed by defendant-appellee Nuance. Plaintiff-appellant Cisneros presents the relevant questions as follows: "[d]id the District Court err in dismissing [Cisneros's] [First Amended Complaint] based on an affirmative defense on a Rule 12(b)(6) motion?" and "[d]id the District Court err in dismissing [Cisneros's] [First Amended Complaint] after holding [Nuance] is a financial institution subject to Title V of the GLBA and therefore, pursuant to Section 25(c), exempt from any obligations under BIPA?" While the parties in the *Cisneros* Appeal have clearly differ in how they have framed the questions at issue in the appeal, it is not the role of this Court to speculate on how the Seventh Circuit will address such matters in its decision. At a minimum, the questions presented by plaintiff-appellant Cisneros could affect the issues in this case

Accordingly, the Court finds that the stay would simplify the issues and streamline the trial.

**II.     Whether the Stay Will Reduce the Burden of Litigation on the Court and the Parties**

Plaintiffs argue that the proposed stay will not reduce the burden of litigation on the Court and the parties because Coinbase will file a 12(b)(6) motion to dismiss, regardless of the outcome of the *Cisneros* Appeal.

Numerous district courts in the Seventh Circuit have granted stays where a motion to dismiss could be dispositive as to the moving party or where the motion raises a threshold issue, such as jurisdiction. *See Bilal v. Wolf,* No. No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (Cole, J.) (collecting cases). "It makes little sense for the parties of the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming." *Vaughan*, 2020 WL 6262359, at *2 (collecting cases).

Here, the Seventh Circuit has the opportunity to clarify the scope of Section 25(c) of BIPA, including whether a district court can rule on the applicability of the financial institution exemption at

5

the motion to dismiss stage. As the *Cisneros* Appeal may resolve threshold issues in this litigation, the Court finds that the stay will reduce the burden of litigation on the Court and the parties.

**III.     Whether the Stay will Unduly Prejudice or Tactically Disadvantage Plaintiffs**

Plaintiffs contend that the stay will unduly prejudice or tactically disadvantage them because the *Cisneros* action might settle prior to the Seventh Circuit's ruling, any stay will not be brief, the stay would prevent Plaintiffs from pursuing discovery and locating class members, Plaintiffs' request for injunctive relief weighs against staying the action, and that, in ruling on prejudice, the Court should consider that Plaintiffs first filed their claims over a year ago in an arbitration. The Court does not find these arguments persuasive.

To start, a potential settlement is always a possibility, and this has not prevented courts from granting a stay in such circumstances. *See e.g., Varnado v. W. Liberty Foods,* No. 20 C 2035, 2021 WEL 545628, at *2 (N.D. Ill. Jan. 5, 2021) (Coleman, J.) Plaintiffs have also failed to present any facts indicating that the stay will be anything but brief. On the contrary, the *Cisneros* Appeal is fully briefed as of the date of this Order, and there is nothing to suggest there will be any delay in the adjudication of the appeal. Plaintiffs' argument that the stay would hamper discovery efforts and prevent them from locating class members falls short as well. The outcome of the *Cisneros* Appeal may affect a dispositive issue in this litigation, so proceeding with discovery at this time would only waste resources and burden the parties. And Plaintiffs have not explained how a stay would impede their efforts to locate class members, particularly given that the prior arbitration involved demands from thousands of individuals who remain accessible to Plaintiffs. Plaintiffs' position that their request for injunctive relief weighs against imposition of a stay is inapposite as the case cited involves jurisdictional and transfer issues not present in this case. *See Mutnick*, 2020 WL 8093509, at *1-2. Lastly, the Court finds that the prior arbitration does not impact the prejudice analysis in this motion, as this action was filed

less than a month after the arbitration was administratively closed and this case remains in the early stages of litigation. Dkt. 1, at ¶ 60.

Accordingly, the Court finds that the stay would not unduly prejudice or tactically disadvantage Plaintiffs.

**CONCLUSION**

For these reasons, the Court grants Defendants' motion to stay [24]. The status hearing scheduled for August 25, 2025, is stricken. The parties are directed to file a joint status report informing the Court of any decision by the Seventh Circuit in the *Cisneros* Appeal.

**IT IS SO ORDERED.**

Date: 8/21/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge